UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| EUGENE A. MAUWEE, ) | |
| ) | 3:12-cv-00088-LRH-WGC |
| Plaintiff, ) | |
| ) | ORDER |
| vs. ) | |
| ) | |
| NEVADA DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

Before the court is plaintiff Eugene A. Mauwee's Objection (#26) to the Magistrate Judge's Report and Recommendation (#25) pursuant to Local Rule IB 3-2. Defendants have responded to Mauwee's Objection (#27). Also before the court is Mauwee's request for judicial notice (#28), to which Defendants have responded (#29).

This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule IB 1-4. Under these provisions, the district judge must conduct a *de novo* review of the Magistrate Judge's findings upon a properly filed objection. The court has conducted such a review and determines that the Magistrate Judge's Report and Recommendation should be adopted and accepted.

Plaintiff Mauwee, an inmate in a correctional facility run by defendant Nevada Department of Corrections, alleges that Defendants violated his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, the First Amendment's Free Exercise Clause, and the Fourteenth Amendment's Equal Protection Clause. They did this, Mauwee argues, by changing a policy concerning the provision of raw meat (and

1 other raw foods like rice) for Mauwee's religious sweat lodge ceremonies (Mauwee is a Native
2 American, though his tribal affiliation is unclear). After the policy change, Mauwee could no
3 longer obtain raw foods for these ceremonies.

4     As a threshold matter, Mauwee has asked the court to judicially notice five facts. First,
5 that the "sack lunches" prepared by prison officials for the inmates are often twenty-eight hours
6 old by the time they are consumed. Second, that prison officials fail to consistently observe the
7 preparation of inmates' food. Third, that Kosher and other specialized meals are served
8 differently from non-specialized meals. Fourth, that the "issue of health and safety with
9 cleanliness" is "moot." Fourth, that a certain inmate who participates in the sweat lodge
10 ceremonies will remain an inmate for "many more years," and fifth, that a prison official told
11 Mauwee his prison transfer was retaliatory.

12     Judicial notice is only appropriate where the to-be-noticed facts are either "generally
13 known" or "capable of accurate and ready determination by resort to sources whose accuracy
14 cannot reasonably be questioned." Fed. R. Evid. 201. Mauwee's facts fall into neither of these
15 categories. Indeed, Defendants contest most of them, and the others Mauwee asserts based only
16 on his own say-so. Accordingly, Mauwee has not provided evidence for which judicial notice is
17 appropriate.

18     Under the RLUPIA, Mauwee must establish that prison policies or actions place a
19 "substantial burden" on the exercise of his religious belief. 42 U.S.C. § 2000cc-1(a). A
20 substantial burden is one that is "oppressive to a significantly great extent." *Warsoldier v.*
21 *Woodford*, 418 F.3d 989, 995 (9th Cir. 2005) (citation and quotation marks omitted). As the
22 Magistrate Judge noted, Mauwee has not alleged that nothing but raw meat (as opposed to
23 cooked meat, for example) is essential, or even important, for his sweat lodge ceremonies.
24 Rather, Mauwee's chief objection to using food purchased at the prison canteen or provided to
25 him in a daily sack lunch is that the food might have been handled by those who are hostile to
26 Mauwee's beliefs. But this sort of food handling does not "intentionally put a significant pressure
27 on [Mauwee] . . . to abandon [his] religious beliefs." Therefore, it is not a substantial burden on
28 them. *See id*. at 996.

1    Under the First Amendment's Free Exercise Clause, [w]hen a prison regulation impinges
2 on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate
3 penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). Under *Turner*, courts consider
4 whether (1) there is a "valid, rational connection" between the challenged regulation and the
5 legitimate governmental interest put forward to justify it; (2) whether there are alternative means
6 of exercising the right in question available; (3) what impact the accomodation of this exercise
7 would have on prison personnel and resources; and (4) whether the prison regulation is
8 unreasonable because there are obvious, non-obtrusive alternatives available. *Id*. at 89-90.

9    Here, the Magistrate Judge properly concluded that the *Turner* factors weigh against
10 Mauwee. The ban on raw foods prevents against potential food-borne illness; frustrates attempts
11 to ferment grains, fruits, and vegetables; eliminates the need for sharp and weaponizable cooking
12 utensils; and forestalls inmate dissatisfaction based on perceived culinary "favoritism." These are
13 all legitimate penological interests, and Mauwee has failed to provide any evidence that they do
14 not form the basis of the raw foods ban. *See Ashker v. California Dep't of Corr.*, 350 F.3d 917,
15 923 (9th Cir. 2003) (holding that, where the inmate presents no evidence, the court may credit the
16 "common-sense connection" between the proffered rationales for the policy and the policy itself).
17 In addition, the Magistrate Judge properly identified Mauwee's alternative means of religious
18 practice (including performing the sweat lodge ceremony with canteen- or prison-provided food),
19 the drain on prison resources required to supervise the preparation of raw meat, and the lack of
20 obvious alternatives to the raw foods ban. Therefore, summary judgment against Mauwee on his
21 First Amendment claim is appropriate.

22    Finally, Mauwee has produced no evidence of intentional discrimination, thereby
23 scuttling his Fourteenth Amendment claim. *See Hartmann v. California Dep't of Corr. & Rehab.*,
24 707 F.3d 1114, 1123 (9th Cir. 2013) ("To prevail on an Equal Protection claim brought under
25 § 1983, Plaintiffs must allege facts plausibly showing that 'the defendants acted with an intent or
26 purpose to discriminate against [them] based upon membership in a protected class.'"). The
27 closest Mauwee comes in his attempt to allege differential treatment is a reference to the Kosher
28 meals provided to Jewish inmates, but this comparison is inapt. Mauwee's practice does not

demand a specific preparation of food; instead, Mauwee wishes to avoid food handling by those who may harbor ill will towards Native Americans. The Fourteenth Amendment's Equal Protection Clause is not the proper vehicle to grant this wish.

IT IS THEREFORE ORDERED that Mauwee's Objection to the Magistrate Judge's Report and Recommendation (#26) is OVERRULED.

IT IS FURTHER ORDERED that the Magistrate Judge's Report and Recommendation (#25) is adopted and accepted, and Defendants' Motion for Summary Judgment (#21) is GRANTED.

IT IS FURTHER ORDERED that Mauwee's Request for Judicial Notice (#28) is DENIED.

IT IS SO ORDERED.

DATED this 13th day of September, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE